**Jaroy CARPENTER, Plaintiff—Appellant,**

v.

**DILLON ELEMENTARY SCHOOL DISTRICT 10, School Board Members, by and through Todd Hazelbaker, Chairperson, Beaverhead County, Dillon, MT, Defendant—Appellee.**

No. 04–35088.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 2005.

Decided Sept. 19, 2005.

William J. O'Connor, II, Esq., O'Connor & O'Connor, P.C., Billings, MT, for Plaintiff–Appellant.

John G. Crist, Esq., Crist Law Firm, Billings, MT, for Defendant–Appellee.

Before: PREGERSON, GRABER, and GOULD, Circuit Judges.

MEMORANDUM *

Jaroy Carpenter appeals from the district court's grant of summary judgment to

* This disposition is not appropriate for publication and may not be cited to or by the courts

Dillon Elementary School District and from the district court's denial of Carpenter's motion for summary judgment on his claim under 42 U.S.C. § 1983.[1] Carpenter contends that the school district deprived him of his constitutional rights by granting and thereafter revoking permission to speak at a school assembly on the basis of his exercise of First Amendment rights to free speech, to free exercise of religion, and to related associational rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[2]

An action under 42 U.S.C. § 1983 requires "a claimant to prove (1) that a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Redman v. County of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (en banc). The school district concedes that it acted under color of state law. Only the second prong is at issue in this appeal, and we focus on the dispositive question whether Carpenter was deprived of a federal constitutional right.

Carpenter argues that the school district denied him a "valuable government benefit" on a basis that "infringes his constitutionally protected interests." The Supreme Court held in *Perry v. Sindermann* that:

> For at least a quarter-century, this Court has made clear that even though a person has no "right" to a *valuable governmental benefit* and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech. For if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited. This would allow the government to "produce a result which (it) could not command directly." Such interference with constitutional rights is impermissible.

408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) (emphasis added) (citation omitted).

Supreme Court precedent requires a showing that the plaintiff engaged in constitutionally protected conduct and that the conduct was a "motivating factor" in the denial of a "valuable governmental benefit." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The question here is whether the initial permission for Carpenter to speak at the Dillon Middle School assembly is "the type of governmental benefit or privilege the deprivation of which can trigger First Amendment scrutiny." *See Hyland v. Wonder*, 972 F.2d 1129, 1135–36 (9th Cir. 1992). We hold that it is not.

In discussing the framework for unconstitutional retaliation, the Supreme Court addressed the non-renewal of a public employment contract and analogized to precedents involving other monetary benefits, such as tax exemptions, unemployment benefits, and welfare payments. *Perry*, 408 U.S. at 596–97, 92 S.Ct. 2694. In this

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review de novo a district court's grant of summary judgment. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir.2004).

2. As the facts are familiar to the parties, we do not recite them here except as necessary to understand our disposition.

case Carpenter was not to be paid anything by the school district.[3] In this context, permission to speak at the Dillon Middle School assembly was not "valuable" in the same sense as the employment benefit at issue in *Perry*. Carpenter was given by the school district no benefit within the meaning of *Perry*. Because the school district did not withhold a "valuable governmental benefit" from Carpenter, his § 1983 claim fails. No decision of the federal circuit courts has held that permission to speak at a public school assembly is a "valuable governmental benefit," and we decline to do so here.

Accordingly, the judgment of the district court is

***AFFIRMED.***

---

**3.** Although Carpenter was to be paid $1000 by the Dillon Ministerial Association for speaking at the school assembly and for other services including acting as a master of ceremonies at a religious rally scheduled to be held the evening of the initially planned assembly, this payment was to be given by a non-governmental actor, not by the school district. Moreover, despite the school district's revocation of permission to speak at the assembly, Carpenter nonetheless gave his speech at another location off school grounds and served as the master of ceremonies at the evening rally, and the record indicates that Carpenter was paid the $1000.

